UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA DEL CARMEN PEREZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CLINTON 79 INC. d/b/a DAVIDOVICH BAKERY SHOP; ALL NATURAL PRODUCTS, INC. d/b/a DAVIDOVICH BAKERY; SCHRIPPS BAKING LLC; GENE DAVIDOVICH; GENE SHVEDOV; and ABC CORP. 1-10 and JOHN/JANE DOE 1-10,

Defendants.

Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Maria Del Carmen Perez, individually and on behalf of all others similarly situated, by and through her attorneys, alleges upon knowledge as to herself and her own acts and upon information and belief as to all other matters, as follows:

## 1. NATURE OF THE ACTION

1. This is an action to recover unpaid overtime wages, unpaid straight-time wages, unpaid spread-of-hours pay, statutory damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), including the Wage Theft Prevention Act and the Hospitality Industry Wage Order.

2. Plaintiff was employed by Defendants as a non-exempt hourly employee at Defendants' Davidovich bakery/café retail operation.

3. Defendants operated a unified bakery, wholesale, and retail enterprise under the Davidovich name, including retail operations in Manhattan and bakery and/or wholesale operations connected to 5410 Tonnelle Avenue, North Bergen, New Jersey.

4. Defendants maintained common and unlawful compensation practices, including, upon information and belief, paying straight-time rates for overtime hours, failing to pay for all hours worked, requiring or permitting off-the-clock work, failing to pay spread-of-hours pay, and failing to furnish legally compliant wage notices and accurate wage statements.

## 2. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the FLSA.

6. This Court has supplemental jurisdiction over the NYLL claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred in this District, Plaintiff worked in this District, and Defendants transacted business in this District.

## 3. PARTIES

8. Plaintiff was employed by Defendants from approximately February 2021 through approximately May of 2024.

9. Defendant Clinton 79 Inc. d/b/a Davidovich Bakery Shop ("Clinton 79") is a New York corporation that, upon information and belief, owned, operated, and/or controlled the Davidovich retail location at 79 Clinton Street, New York, New York.

10. Upon information and belief, Clinton 79 issued Plaintiff's wages and paystubs and maintained a business address at 5410 Tonnelle Avenue, Suite 100, North Bergen, New Jersey.

11. Defendant All Natural Products, Inc. d/b/a Davidovich Bakery ("All Natural Products") is a foreign business corporation authorized to do business in New York.

12. Upon information and belief, All Natural Products maintained its principal executive office at 5410 Tonnelle Avenue, North Bergen, New Jersey, used the assumed name "Davidovich

Bakery," and owned, operated, managed, controlled, and/or jointly employed workers within the Davidovich bakery enterprise.

13. Defendant Schripps Baking LLC ("Schripps") is, upon information and belief, a New Jersey limited liability company with a business address at or connected to 5410 Tonnelle Avenue, North Bergen, New Jersey.

14. Upon information and belief, Schripps was part of the same integrated Davidovich bakery enterprise and participated in the production, distribution, operations, labor relations, and/or compensation structure affecting Plaintiff and similarly situated employees.

15. Defendant Gene Davidovich is an individual who, upon information and belief, founded, owned, managed, controlled, and/or exercised operational control over one or more parts of the Davidovich bakery enterprise, including the retail and/or bakery operations, labor policies, staffing, compensation practices, and recordkeeping affecting Plaintiff and similarly situated employees.

16. Defendant Gene Shvedov is an individual residing in New Jersey who, upon information and belief, owned, managed, controlled, and/or exercised operational control over Clinton 79, All Natural Products, and/or the Davidovich bakery enterprise, including payroll, scheduling, compensation, hiring, firing, personnel policies, operations, and recordkeeping.

17. Upon information and belief, each individual defendant possessed and exercised the power to hire and fire employees, determine rates and methods of pay, set work schedules, supervise managers and staff, maintain employment records, and effect changes in the terms and conditions of Plaintiff's employment. The unlawful pay practices alleged herein were authorized, directed, implemented, tolerated, and/or ratified by the individual defendants.

18. At all relevant times, each Defendant was an "employer" of Plaintiff within the meaning of the FLSA and NYLL.

19. Defendants ABC Corp. 1-10 and John/Jane Doe 1-10 are entities and persons whose names are presently unknown that owned, managed, operated, controlled, or otherwise acted as Plaintiff's employers. Plaintiff will amend this Complaint when their identities are learned.

## 4. DEFENDANTS AS JOINT EMPLOYERS / SINGLE INTEGRATED ENTERPRISE

20. At all relevant times, Defendants operated as joint employers and/or as a single integrated enterprise.

21. Defendants shared common branding, management, addresses, business functions, labor policies, payroll functions, and operational control.

22. Upon information and belief, Defendants used the Davidovich name in both wholesale and retail operations, including retail locations at 79 Clinton Street, 88 Essex Street, and 36 Avenue A in Manhattan, and maintained bakery and/or wholesale functions connected to 5410 Tonnelle Avenue, North Bergen, New Jersey.

23. Upon information and belief, Defendants shared employees, supplies, baked products, delivery functions, scheduling authority, payroll practices, and recordkeeping functions.

24. Upon information and belief, Defendants centralized control over employee compensation, timekeeping, payroll, labor policies, and business operations.

25. Plaintiff's work was integral to Defendants' bakery/café business.

26. At all relevant times, Defendants constituted an "enterprise" within the meaning of the FLSA.

27. At all relevant times, Defendants had annual gross sales made or business done in excess of $500,000.

28. At all relevant times, Plaintiff and similarly situated employees handled goods and materials that moved in interstate commerce, including food products, ingredients, baked goods, packaging, and equipment.

## 5. FACTUAL ALLEGATIONS

29. Plaintiff was hired in approximately February 2021.

30. Plaintiff worked for Defendants until approximately May of 2024.

31. Plaintiff worked at the 79 Clinton Street location in Manhattan.

32. Plaintiff worked in Defendants' bakery/café retail operation serving customers and performing bakery, counter, store, and closing duties.

33. Plaintiff was a hospitality employee and/or restaurant worker within the meaning of the New York Hospitality Industry Wage Order.

34. Plaintiff's regular rate of pay was approximately $15.00 per hour for part of her employment and approximately $17.00 per hour by March 2024.

35. Plaintiff's rate of pay remained constant regardless of the number of hours she worked.

36. At times, Plaintiff worked materially in excess of forty hours in the week.

37. During substantial portions of her employment, Plaintiff also worked shifts with a spread of hours exceeding ten.

38. Plaintiff regularly closed the store during substantial portions of her employment.

39. In connection with closing duties, Plaintiff regularly worked past 5:00 p.m. and until about 6:00 p.m. after clocking out at about 5:00 p.m.

40. Defendants knew or should have known that Plaintiff was working these hours, including post-clock-out closing time.

41. Defendants suffered or permitted Plaintiff to work these hours.

42. Defendants failed to pay Plaintiff for all hours worked, including off-the-clock closing work.

43. Defendants failed to pay Plaintiff at one and one-half times her regular rate for hours worked over forty in a workweek.

44. For example, during the pay period from March 18, 2024 through March 24, 2024, Plaintiff worked 46.55 hours and was paid $17.00 per hour for all hours worked without overtime premium pay.

45. For example, during the pay period from March 25, 2024 through March 31, 2024, Plaintiff worked 47.17 hours and was paid $17.00 per hour for all hours worked without overtime premium pay.

46. The workweek ending March 31, 2024 was paid, if at all, on the regular payday of April 5, 2024. On that payday, Defendants paid Plaintiff straight-time wages rather than lawful overtime compensation for overtime hours worked during that workweek.

47. Defendants failed to pay Plaintiff spread-of-hours pay for days in which her workday exceeded ten hours.

48. The foregoing examples are illustrative only and are based on Defendants' own pay records. Upon information and belief, Defendants used the same or similar pay practices in other workweeks during Plaintiff's employment.

49. Upon information and belief, Defendants failed to provide Plaintiff, at the time of hiring, with a compliant wage notice stating, among other things, her regular rate of pay, lawful overtime rate of pay, allowances claimed, if any, and regular payday.

50. Upon information and belief, Defendants did not provide Plaintiff at hiring with an accurate wage notice stating her lawful overtime rate of pay. As a result, Plaintiff was not properly informed at the outset of the rate at which Defendants were required to pay hours worked over forty in a workweek.

51. Defendants failed to furnish accurate wage statements with each payment of wages.

52. The wage statements were inaccurate not only because they failed to reflect a lawful overtime premium, but also because they failed accurately to reflect all hours Plaintiff actually worked, including post-clock-out closing work.

53. The wage statements Defendants furnished to Plaintiff did not accurately state all hours worked, Plaintiff's lawful overtime rate, and the overtime wages due.

54. Because Defendants failed to provide accurate and compliant wage notices and wage statements, Plaintiff was prevented from readily determining from Defendants' own payroll documents the precise amount of wages and overtime unlawfully withheld in each pay period and was delayed in identifying, challenging, and stopping Defendants' underpayment practices.

55. Had Defendants furnished accurate notices and statements, Plaintiff would have been able to compare her lawful overtime rate and hours to the wages actually paid, recognize earlier that Defendants were paying straight time for overtime hours and omitting compensable worktime, and seek correction sooner.

56. As a result of Defendants' notice and statement violations, Plaintiff suffered concrete informational and financial harm, including a prolonged deprivation of earned wages.

57. Defendants failed to make, keep, and preserve accurate payroll records of all hours Plaintiff actually worked and all wages due.

58. Defendants' violations were willful.

59. Defendants possessed and maintained Plaintiff's time and payroll records, knew that Plaintiff regularly worked more than forty hours in multiple workweeks, and nevertheless paid Plaintiff the same straight-time hourly rate for hours worked over forty, including in workweeks reflected on Defendants' own pay records.

60. Defendants also knew that Plaintiff regularly performed closing duties after clocking out and benefited from that work without paying for all hours worked.

61. These were not isolated, accidental, or clerical mistakes. They were repeated pay practices that persisted across multiple pay periods and over an extended period of time.

62. Defendants further failed to provide Plaintiff with an accurate wage notice stating her lawful overtime rate and failed to furnish accurate wage statements reflecting lawful overtime rates, overtime wages, and all hours worked, despite using formal payroll and paystub systems.

63. In light of the hours shown on Defendants' own records, the repeated payment of straight time for overtime hours, the omission of lawful overtime information from Defendants' wage documents, and the failure to record and pay all hours worked, Defendants knew, or showed reckless disregard for whether, their compensation practices violated the FLSA and NYLL.

## 6. FLSA COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff brings this action under 29 U.S.C. § 216(b) on behalf of herself and all others similarly situated.

65. The FLSA Collective is defined as follows:

66. All current and former non-exempt, hourly employees of Defendants who worked in New York and/or New Jersey during the three years preceding the filing of this action, worked more than forty hours in one or more workweeks, and were not paid overtime compensation at one and one-half times their regular rates of pay.

67. Upon information and belief, members of the FLSA Collective were subject to common pay practices, timekeeping practices, and overtime practices originating from Defendants' centralized control over payroll and labor operations.

68. The names and contact information of the FLSA Collective members are available from Defendants' books and records.

## 7. RULE 23 CLASS ACTION ALLEGATIONS

69. Plaintiff brings her NYLL claims as a class action under Rule 23 on behalf of herself and the following proposed class: All current and former non-exempt, hourly employees of Defendants who worked in New York during the six years preceding the filing of this action.

70. The proposed Class is so numerous that joinder of all members is impracticable.

71. There are questions of law and fact common to the Class, including: whether Defendants failed to pay overtime wages; whether Defendants failed to pay all straight-time wages for all hours worked; whether Defendants failed to pay spread-of-hours pay; whether Defendants failed to provide compliant wage notices; whether Defendants failed to provide accurate wage statements; and the proper measure of damages, liquidated damages, statutory damages, and interest.

72. Plaintiff's claims are typical of the claims of the Class.

73. Plaintiff will fairly and adequately protect the interests of the Class.

74. A class action is superior to other available methods for adjudicating this controversy.

## 8. CAUSES OF ACTION

### 8.1. FLSA OVERTIME

75. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

76. The FLSA requires employers to pay non-exempt employees at one and one-half times the regular rate for all hours worked over forty in a workweek.

77. Plaintiff was a non-exempt employee.

78. Defendants employed Plaintiff within the meaning of the FLSA.

79. Plaintiff worked more than forty hours in multiple workweeks.

80. Defendants failed to pay Plaintiff overtime compensation at one and one-half times her regular rate for hours worked over forty in a workweek.

81. Defendants' failure to pay overtime compensation was willful because Defendants knowingly paid Plaintiff straight time for overtime hours reflected on their own payroll records and, at minimum, acted with reckless disregard as to whether those practices complied with the FLSA.

82. As a result, Plaintiff and the FLSA Collective are entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other available relief under the FLSA.

### 8.2. NYLL UNPAID OVERTIME AND UNPAID WAGES

83. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

84. The NYLL and its regulations require employers to pay employees all wages earned and overtime compensation for hours worked over forty in a workweek.

85. Defendants failed to pay Plaintiff all wages earned, including off-the-clock closing work.

86. Defendants also failed to pay Plaintiff overtime wages for hours worked over forty in a workweek.

87. Defendants' conduct was willful and not in good faith.

88. As a result, Plaintiff and the Class are entitled to unpaid wages, unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other available relief.

### 8.3. NYLL SPREAD-OF-HOURS PAY

89. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

90. Under the NYLL and the Hospitality Industry Wage Order, Plaintiff was entitled to one additional hour of pay at the basic minimum hourly rate for each day on which the spread of hours exceeded ten.

91. Plaintiff regularly worked days with a spread of hours greater than ten.

92. Defendants failed to pay Plaintiff the required spread-of-hours pay.

93. As a result, Plaintiff and the Class are entitled to spread-of-hours pay, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other available relief.

### 8.4. NYLL WAGE NOTICE VIOLATIONS

94. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

95. NYLL § 195(1) required Defendants to provide Plaintiff, at the time of hiring, with a written notice containing the required pay information.

96. Upon information and belief, Defendants failed to provide Plaintiff with a compliant wage notice.

97. As a direct result of Defendants' failure to furnish an accurate wage notice, Plaintiff was not properly informed of her lawful overtime rate and was delayed in identifying and challenging Defendants' unlawful straight-time payment of overtime hours and failure to pay for all hours worked.

98. Plaintiff thereby suffered concrete informational and financial harm, including a prolonged deprivation of wages, in addition to statutory damages.

99. As a result, Plaintiff is entitled to statutory damages, attorneys' fees, costs, and all other available relief under NYLL §§ 195 and 198.

### 8.5. NYLL WAGE STATEMENT VIOLATIONS

100. Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

101. NYLL § 195(3) required Defendants to furnish accurate wage statements with each payment of wages.

102. Defendants failed to furnish Plaintiff with accurate wage statements, including because they failed accurately to reflect all hours worked, the lawful overtime rate, and the overtime wages due.

103. As a direct result of Defendants' failure to furnish accurate wage statements, Plaintiff was prevented from determining and seeking payment for the precise amount of wages unlawfully withheld in each pay period in a timely manner and was thereby deprived of earned wages for longer than she would have been had Defendants furnished compliant statements.

104. As a result, Plaintiff is entitled to statutory damages, attorneys' fees, costs, and all other available relief under NYLL §§ 195 and 198.

## 9. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Authorize this matter to proceed as an FLSA collective action and direct issuance of notice to similarly situated employees;

C. Certify the NYLL claims as a Rule 23 class action;

D. Award unpaid overtime wages, unpaid straight-time wages, and spread-of-hours pay;

E. Award liquidated damages to the fullest extent permitted by law;

F. Award statutory damages for wage-notice and wage-statement violations;

G. Award prejudgment interest as permitted by law;

H. Award attorneys' fees and costs;

I. Award such other and further relief as the Court deems just and proper.

## 10. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 29, 2026
Astoria, New York

Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.
Sacco & Fillas LLP
31-19 Newtown Ave., 7th Floor
Astoria, New York 11102
Phone: 718-269-2243
CTucker@SaccoFillas.com